UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Paul Benoit | Civil Action No. 6:16-cv-0775 |
| versus | Judge Rebecca F. Doherty |
| Protective Insurance Co., et al. | Magistrate Judge Carol B. Whitehurst |

*SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a Petition for Removal, filed by Defendants Protective Insurance Company ("PIC"), Godfrey Trucking, Inc. ("Godfrey Trucking"), and Kraig Porterfield (collectively "Defendants") (Doc. 1). This case arises from an accident which occurred on July 20, 2015, wherein a vehicle driven by Porterfield, as an employee of Godfrey Trucking, crossed into Plaintiff's lane and collided with Plaintiff's vehicle. (Doc. 6-1 at ¶ 2.)

On September 29, 2016, Plaintiff filed a Petition for Damages in the Sixteenth Judicial District Court, Parish of St. Martin, Louisiana, alleging that the accident caused him to sustain serious and permanent damages that have resulted in medical expenses, physical and mental pain, the loss of enjoyment of life, and loss of earnings.[1] (Doc. 6-1 at ¶ 5.) According to the petition, "[t]he sum claimed by [Plaintiff] at this time is less than $50,000.00, exclusive of interest and costs,

---

[1] Along with the Defendants, Plaintiff also sued Geico Insurance Company in the state court petition. (Doc. 6-1 at ¶ 6.)

however, [Plaintiff] reserves the right to amend his petition at any time." (Doc. 6-1 at ¶ 7.)

On June 3, 2016, the Defendants removed this case from state court, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1.) Federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. 28 U.S.C.A. § 1332. The person seeking to invoke federal court jurisdiction has the burden of proof to demonstrate at the outset of the litigation that the federal court has authority to hear the case. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Therefore, the removing party bears the burden of showing that federal jurisdiction exists. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Louisiana law ordinarily prohibits a plaintiff from pleading a specific amount of damages. La. Code Civ. P. Art.893. Nevertheless, under this statute, a plaintiff is permitted to allege a particular amount in order to establish the lack of jurisdiction in federal courts due to insufficiency of damages. *Id.* While not seeking a specific amount of damages, Plaintiff alleges in his initial pleading that the sum of his damages is no more than $50,000.00.

Generally, "the sum demanded in good faith in the initial pleading shall be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, "a notice of removal may

assert the amount in controversy if the initial pleading seeks a money judgment 'but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded' and the court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000." *Police Jury Bossier Parish v. Blueford*, No. 15-cv-2157, 2015 WL 9312017, at *1 (W.D. La. Dec. 1, 2015) (quoting 28 U.S.C. § 1446(c)(2)).

As the removing party, the Defendants have the burden of proving that this Court has jurisdiction over this matter. In order to satisfy this burden by a preponderance of the evidence, the Defendants must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount. *St. Paul Reinsurance*, 134 F.3d at 1253. While they have pleaded sufficient facts to establish that the parties are diverse in citizenship, the Defendants have not pleaded sufficient facts to establish that the amount in controversy exceeds the jurisdictional threshold.

Defendants have attached to their Notice of Removal various medical records, which show that Plaintiff has three slight to mild bulging discs in his back, has received a diagnosis of retrolisthesis at the L5-S1 level in the lumbar spine, and has incurred medical expenses of $2,800.00. (Docs. 1-6, 1-7, and 1-8). Based on this evidence, the Defendants assert that the amount in controversy exceeds $75,000.00. (Doc. 1 at pp. 3-4).

Defendants, however, have provided no evidence to indicate that Plaintiff has suffered a herniated disc or that surgery has been recommended to address Plaintiff's back issues. *See Thomas v. Louis Dreyfus Commodities, LLC*, No. 15-394-SDD-RLB, 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016) (finding that "the lack of recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement"). The Defendants have also offered no evidence showing a numerical value for any lost earnings in the past or present or loss of enjoyment of life.

IT IS THEREFORE ORDERED that, on or before December 16, 2016, the Defendants shall file a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds the jurisdictional minimum. These facts should be supported with summary-judgment-type evidence. The plaintiff will then be allowed seven days to respond to the Defendants' memorandum.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 29th day of November, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE